UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------

ASHER KLEIN on behalf of himself and
all other similarly situated consumers

                Plaintiff,

    -against-

OXYGEN RECOVERY GROUP

                Defendant.

-------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 28 2012 ★
LONG ISLAND OFFICE

SUMMONS ISSUED

CV-12 3248

GLEESON, J

GOLD, M.

## CLASS ACTION COMPLAINT

*Introduction*

1. Plaintiff Asher Klein seeks redress for the illegal practices of Oxygen Recovery Group in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Airmont, New York.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

## *Allegations Particular to Asher Klein*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about February 28, 2012 and on April 25, 2012, Defendant sent the Plaintiff collection letters seeking to collect a balance allegedly incurred for personal purposes.

12. Defendant threatened serious adverse consequences in the said collection letters, specifically stating: "Your failure to resolve the amount due will result in the account being referred to one or more of the national credit bureaus...Our client has instructed us to have the debt appear on your credit report if the above amount is not paid immediately."

13. The defendant did not report the account to the credit bureaus after the February 28, 2012 letter as evidenced by the receipt and language in the April 25, 2012 letter.

14. The April 25, 2012 collection letter states in pertinent part as follows: "Non-payment of this matter will ensure further collection activity and your name will remain in our file and you may be reported to one or more of the national credit bureaus, which will

-2-

negatively affect your credit."

15. The least sophisticated consumer could understand that the above letters are a threat of immediate credit reporting.

16. Upon information and belief, Defendant did not intend to report Plaintiff's account to all national credit bureaus.

17. The Defendant's said statement that it would report the account to all national credit bureaus was a tactic to scare Plaintiff and the least sophisticated consumer into paying the debt.

18. Defendant's threat of credit reporting created a false sense of urgency.

19. In addition, the Defendant also stated in the February 25, 2012 said letter: "Once recorded, the information will remain a part of your file for seven years (five years in New York)."

20. Defendant's said statement is deceptive, misleading and wrong.

21. Information remains for seven years for a New York resident as well.

22. The Defendant's said statements were a threat to take an action not intended to be taken by the Defendant, in violation of the FDCPA, §1692e(5).

23. The Defendant's said statements also constitute a deceptive and misleading representation or means used in connection with the collection of a debt, in violation of the FDCPA, §§1692e and 1692e(10).

24. On or about May 30, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

25. Said letter states in pertinent part as follows: "The creditor has instructed us that unless

we hear from you within the next 72 hours, we may proceed with legal action against you to settle this matter."

26. Said language is a threat to take unintended legal action.

27. Defendant violated §1692e(5) of the FDCPA by threatening to take action against Plaintiff even though Defendant has not and does not intend to take such action.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

28. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one through twenty seven as if set forth fully in this cause of action.

29. This cause of action is brought on behalf of Plaintiff and the members of two classes.

30. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who received collection letters from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) that the Defendant made false threats of immediate credit reporting, creating a false sense of urgency, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

31. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who received a collection letter from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the letter was sent concerning the seeking payment of an alleged debt and was not returned or undelivered by the post office; and (c) the Defendant threatened to

take any action that cannot legally be taken or that is not intended to be taken by Defendant in violation of 15 U.S.C. § 1692e(5).

32. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (a) Based on the fact that collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    (c) The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

    (d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

    (e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

33. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing

the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

34. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

35. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

36. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

37. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k); And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Cedarhurst, New York
June 25, 2012

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508).

-7-



386 ROUTE 59, SUITE 403<br>
AIRMONT NY 10952-3411<br>
Tel: (845) 367-4330 Select Option 2<br>
Fax: (845) 504-3736

CREDITCONTROL WFD
CRJ
971486
MST999

February 28, 2012



Dear ASHER KLEIN,

Your valuable credit rating may be protected by settlement of your delinquent account. Your failure to resolve the amount due will result in the account being referred to one or more of the national credit bureaus.

At this point, the account has not been reported to one or more of the national credit bureaus. Our client can instruct us to have the debt appear on your credit report if the above amount is not paid immediately. Once recorded, the information will remain a part of your file for seven years (five years in New York). This may affect your ability to obtain further credit. We are willing to rectify this matter amicably.

It is important that you give this matter your immediate attention.

Regards,

*Katrina Grigsby*
Account Rep
845-367-4330 Ext. 202

OXYGEN RECOVERY GROUP

### ACCOUNT SUMMARY

| | |
|---|---|
| CREDITOR | Main St Travel |
| CREDITOR FILE NO. | 3474327207 |
| OXYGEN FILE NO. | 24338 |
| | |
| PRINCIPAL DUE: | $504.60 |
| PMT TO DATE: | $0.00 |
| OTHER FEES DUE: | |
| INTEREST: | $0.00 |
| | |
| TOTAL DUE: | $504.60 |

---

NYC Department of Consumer Affairs License # : 1403486
This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.
Calls may be monitored and or recorded.

*** Detach Lower Portion And Return With Payment ***


**Oxygen**
Recovery Group

386 ROUTE 59, SUITE 403
AIRMONT NY 10952-3411
Tel: (845) 367-4330 Select Option 2
Fax: (845) 504-3736

CREDITCONTROL.WFD
CBA
105289
MST999

March 29, 2012

Dear ASHER KLEIN,

The balance has not been received on your delinquent account to our office, nor have you contacted this office in reply to our numerous attempts to reach you.

Due to the defaulted status of this account, you must let us know ~ actly what your intentions are concerning payment of this balance in ...

. certainly hope that further collection activity will not be necessary. Please call this office without further delay.

Regards,

*Katrina Grigsby*
Account Rep
845-367-4330 Ext. 202

OXYGEN RECOVERY GROUP

## ACCOUNT SUMMARY

| | |
|---|---|
| **CREDITOR** | Main St Travel |
| **CREDITOR FILE NO.** | 3474327207 |
| **OXYGEN FILE NO.** | 24338 |
| **PRINCIPAL DUE:** | $504.60 |
| **PMT TO DATE:** | $0.00 |
| **OTHER FEES DUE:** | |
| **INTEREST:** | $0.00 |
| **TOTAL DUE:** | $504.60 |

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

NYC Department of Consumer Affairs License # : 1403486
This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.
Calls may be monitored and or recorded.

*** Detach Lower Portion And Return With Payment ***


**Oxygen**
Recovery Group

386 ROUTE 59, SUITE 403
AIRMONT NY 10952-3411
Tel: (845) 367-4330 Select Option 2
Fax: (845) 504-3736

CREDITCONTROL.WFD
CRS
110081
MET999

April 25, 2012

ASHER KLEIN,

...atter is long past due and has been duly demanded!
...n-payment of this matter will ensure further collection activity and
your name will remain in our file and you may be reported to one or
more of the national credit bureaus, which will negatively affect your
credit.

It is in your best interest to send payment to this office today. If you
have any questions please contact us on Tel: (845) 367-4330 Select
Option 2.

Regards,

*Katrina Grigsby*
Account Rep
845-367-4330 Ext. 202

OXYGEN RECOVERY GROUP

### ACCOUNT SUMMARY

| | |
|---|---|
| CREDITOR | Main St Travel |
| CREDITOR FILE NO. | 3474327207 |
| OXYGEN FILE NO. | 24338 |
| PRINCIPAL DUE: | $504.60 |
| PMT TO DATE: | $0.00 |
| OTHER FEES DUE: | |
| INTEREST: | $0.00 |
| TOTAL DUE: | $504.60 |

---

NYC Department of Consumer Affairs License # : 1403486
This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.
Calls may be monitored and or recorded.

*** Detach Lower Portion And Return With Payment ***



# Oxygen
### Recovery Group

386 ROUTE 59, SUITE 403
AIRMONT NY 10952-3411
Tel: (845) 367-4330 Select Option 2
Fax: (845) 504-3736

CREDITCONTROL WFD
CM6
133103
MST999

May 30, 2012

Dear ASHER KLEIN,

It is imperative that you establish communications with this office immediately so that we may make arrangements to satisfy your past due obligation.

The creditor has instructed us that unless we hear from you within the next 72 hours, we may proceed with legal action against you to settle this matter. Since time is of the essence, your response is imperative.

*...s.*

*...ina Grigsby*
Account Rep
845-367-4330 Ext. 202

OXYGEN RECOVERY GROUP

| ACCOUNT SUMMARY | |
|---|---|
| CREDITOR | Main St Travel |
| CREDITOR FILE NO. | 3474327207 |
| OXYGEN FILE NO. | 24338 |
| PRINCIPAL DUE: | $504.60 |
| PMT TO DATE: | $0.00 |
| OTHER FEES DUE: | |
| INTEREST: | $0.00 |
| TOTAL DUE: | $504.60 |

**As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.**

---

**NYC Department of Consumer Affairs License # : 1403486**
This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.
Calls may be monitored and or recorded.

*** Detach Lower Portion And Return With Payment ***